CHRISTIAN HERKELRATH *et al.*

*v.*

JAMES M. STOOKEY.

| 58 | 21 |
|----|-----|
| 26a | 648 |
| 58 | 21 |
| 138 | 330 |
| 38a | 437 |
| 58 | 21 |
| 165 | 20 |

POLICE MAGISTRATES—*power of to take acknowledgments of chattel mortgages.* Under the act of 27th February, 1854, entitled "An act for the better government of towns and cities, and to amend the charters thereof," police magistrates, elected under the provisions of that act, have the same power to take acknowledgments of chattel mortgages that justices of the peace have.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. SNYDER & DILL and Messrs. G. & G. A. KŒRNER, for the appellants.

Mr. W. H. UNDERWOOD and Messrs. KASE & WILDERMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, commenced by appellants, in the St. Clair Circuit Court, against appellee, for the recovery

of various articles of personal property. The declaration is in the usual form, and to it appellee pleaded *non detinet*; property in John Klug, Charles Klug and A. L. Klug; that appellee, as sheriff of that county, seized the property in question by virtue of an execution issued by the clerk of the St. Clair Circuit Court, on the 22d day of December, 1869, in favor of Lewis Geisler and against the Klugs and Peter Riesenberger. To these pleas replications were filed and issues formed.

On the trial below, appellants offered to read in evidence the record of a chattel mortgage, the original having been lost, executed on the 20th day of September, 1869, by John Klug to Charles Klug, A. Klug, Peter Muench, and Christian Herkelrath, on the property in controversy, to secure the payment of several promissory notes, of even date with the mortgage and payable two years after date; one for $2,486.55 to Charles Klug; one for $309.55 to Augustus Klug; one for $1,384.80 to Christian Herkelrath; one for $3,529.50, payable to Peter Muench. The mortgage was acknowledged before Henry Webber, a police magistrate. An objection was interposed to its introduction in evidence, because it was not acknowledged under the statute, and the objection was sustained by the court, and it was rejected as evidence. Appellants also offered to read the notes in evidence, with their indorsements, but they were likewise rejected.

It was also offered to be proved that Henry Webber was a police magistrate in the city of Belleville, and *ex officio* a justice of the peace of St. Clair county, at the time John Klug acknowledged the mortgage, and was a resident of the city of Belleville; that the property replevied is the same described in the mortgage, and a demand was made before the suit was commenced, but the court rejected this evidence, and the jury found a verdict in favor of defendant.

The only question raised and argued on this record, is, whether a police magistrate has power to take the acknowledgment of a chattel mortgage. To determine this question, it becomes necessary to refer to our legislation creating the

office of police magistrate, and regulating the execution of chattel mortgages. By the act of 1854 (Sess. Laws, 11,) it is provided, that there shall be elected in each of the incorporated towns and cities of this State, the population of which shall not exceed six thousand, an officer to be styled police magistrate, &c.; that such magistrates, when elected, shall be commissioned and qualified in the same manner as justices of the peace, and shall have in their respective counties the same jurisdiction, powers and emoluments as other justices of the peace in this State.

The chapter regulating the execution of chattel mortgages, provides that they may be acknowledged by the person executing the same, before any justice of the peace in the justice's district in which he may reside, and the justice is required to certify the same, and make an entry thereof on his docket. Thus it is seen that a justice of the peace has jurisdiction and power to take such an acknowledgment.

If, then, the same jurisdiction and power are conferred by the express language of the statute, without any limitation, on the police magistrates that is possessed by justices of the peace, how can it be said the former have no power to take such an acknowledgment? We know of no rule of law that would justify us in disregarding the plain and unmistakable language of this law. It is clear, explicit, and free from all doubt. If the justices of the peace possessed the power, then the statute has said police magistrates shall exercise the same power. It does not declare that they shall exercise a part of the powers, or the same power in a class of cases, but the same power. It is true, the election districts of the two officers are different, one being confined to the city, and the other to the general election precinct, but still that is no reason for disregarding the clearly expressed will of the General Assembly.

Nor does the fact that the chattel mortgage law requires the mortgage to be acknowledged before a justice in the district in which he resides, present any insuperable objection to a police

magistrate taking the acknowledgment, as the police. magistrate always lives and has his office in the same district in which justices of the peace are elected and act. The only inconvenience which occurs to us, growing out of that officer exercising the power, is, that creditors or purchasers have one more office to search before dealing with personal property. This is a burthen the legislature had the power to impose, and having required it, the provision must be observed.

Nor is it an objection, that the act is ministerial and not judicial. The law has not limited the authority of the police magistrates to the judicial jurisdiction of justices of the peace. The language is more comprehensive, and embraces all the justice's official powers, whether judicial or ministerial. This court has held that these officers are, under the constitution and the law, justices of the peace. *In the matter of Welsh,* 17 Ill. 161; *The People ex rel.* v. *Matteson,* 17 ib. 167. By changing the name of things, their nature or qualities are in nowise changed. Calling these officers magistrates, does not render them any the less justices of the peace. The mortgage was well acknowledged, and the court below erred in refusing to permit it to be read in evidence, and the judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*