PEOPLE EX REL. GEORGE S. CURTISS v. HORACE COLBY AND ELLIOTT E. JUDD.

*Notary Public.*

Recovery may be had on a notary's bond for his misfeasance in knowingly certifying the acknowledgment of a grantor who has not appeared before him, or in certifying an acknowledgment without reading it.

A notary's liability on his bond for falsely certifying to the acknowl-
edgment of a mortgage cannot be made to depend upon whether
the mortgagee has redeemed a prior mortgage and has so reduced
the damages.

Case made from Kent.    Submitted October 11.    De-
cided October 29.

DEBT on official bond.    Defendant had judgment below.

*J. M. Harris* and *E. A. Maher* for relator.

*D. E. Corbitt* for defendant.

MARSTON, J.    This was an action of debt brought
upon the official bond of defendant Colby as a notary
public.

There was evidence given tending to show that in
December, 1874, one Patrick Fitz Patrick delivered to
plaintiff, a promissory note and a mortgage to secure
payment thereof, the latter purporting to have been
executed by said Patrick and Bridget his wife, and to
have been acknowledged by them before said Colby as
notary public.    Evidence was also given tending to show
that Bridget never executed or acknowledged said mort-
gage, and that she was ignorant of its existence until
in March, 1876.    Evidence was farther given to show
that plaintiff, on account of her not having signed and
acknowledged this mortgage, was unable to collect the
indebtedness it was given to secure.    Some slight evi-
dence was given on the part of the defendants, from
which it might perhaps have been inferred that Mrs.
Fitz Patrick's name was (after Colby had signed the
certificate) inserted therein, but as the jury found spe-
cially that she did not execute and acknowledge the
mortgage, and that Colby did sign the certificate of
acknowledgment thereon, this, under the charge of the
court, would seem to be wholly immaterial.

The court in charging the jury, said in substance
that if Colby knowingly, falsely certified that Mrs. Fitz

Patrick appeared before him and acknowledged the execution of the mortgage, and that he so certified for the purpose of enabling Mr. Fitz Patrick to defraud some person, then he, Colby, should be held liable, as such would be a case of intentional wrong. Farther, that if he performed the duties of his office so recklessly and carelessly as to have allowed a certificate of this kind to pass from his hands into those of a *bona fide* holder, then such would be a case of gross carelessness or gross negligence, for which he would be equally liable. It was then left for the jury to find whether Colby's act was a mistake on his part, and that it was for them to say whether under all the circumstances Colby was grossly negligent or recklessly regardless of the rights of any person who might receive the mortgage, and if they should so find then he was liable. If, however, there was a mistake made by inadvertence, such as the most diligent and careful person might have made, without being careless, but with the exercise of caution, then defendant ought not to be held liable.

Had this been a case where both the grantors signed the mortgage, and had in fact appeared before Mr. Colby to acknowledge the same, but he for some reason had omitted or failed to fully comply with all the requirements of the law, in examining them, or in filling up and signing the proper certificate thereof, then in such a case, within that of *Fogarty v. Finlay*, 10 Cal., 239, the charge of the court would have been correct.

This, however, is not a case where a mistake was made through inadvertence, or that due caution was exercised; it was a clear case of misfeasance. He certified that a certain person appeared before him and acknowledged the execution of the instrument, who did not in fact appear at all and who had not even signed it. If he read what he was certifying to he must have known that it was untrue in substance and in fact. The most charitable view to be taken of the transaction

would be that he signed the certificate without reading it, or knowing the contents thereof. Even this view would not relieve him, as no one has a right to sign an instrument, acting officially, without at least having read the same; to do otherwise would show such gross carelessness, and indicate such a reckless disregard for the rights of others, that his liability for damages resulting therefrom, could not be made to depend upon his purpose of enabling some person to defraud third parties. In such a case his object or motive need not be inquired into in an action brought to recover the actual damages sustained in consequence of his wrongful act.

In this case, had some person representing herself to be Mrs. Fitz Patrick appeared before him and acknowledged the execution of the instrument in question,. it would have been a proper case to have submitted to a jury, under proper instructions, to find whether he, acting with due care and caution, had been deceived, and had been induced to certify to what he believed or had good reason to believe was true.

A person may be deceived, no matter how carefully and cautiously he may act, in taking acknowledgments of parties who represent themselves to be the persons described in and who executed certain instruments. If they are strangers to him, he may make the proper and necessary inquiries or investigation, and he may therefrom come to the conclusion that they are the proper persons and so certify, and yet be mistaken and deceived. In such a case the question or degree of care exercised by him would become material. If, however, the parties described in the instrument were well known to him, but did not appear before him, or if third persons well known to him not to be the proper persons should appear, representing themselves as the proper persons, and he in either case should certify that the parties described did appear before him and acknowledge the execution of the instrument, it would be difficult to see how his act could be considered in any light which would exempt him from liability.

It was also claimed and charged that the plaintiff should have redeemed a prior mortgage, and thus have collected his claim or reduced the damages. We are not satisfied that this view was correct, at least standing alone. This would be to make the remedy, or the right to recover for the wrongful act of Colby, depend upon the pecuniary ability of Mr. Curtiss to redeem. Clearly his right to recover in this case should not depend upon his power to redeem and thus protect his interests unless he was able so to do. But even if able, should he be compelled so to do in order to relieve a wrong doer from the consequences of his acts? We think not, and that the jury should not have been so charged. *Merrick v. Brainard*, 38 Barb., 574; *Perrott v. Shearer*, 17 Mich., 56.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.