# Grider *v.* Tally.

### *Action on Official Bond of Probate Judge.*

1. *Action against judicial or ministerial officer.*—A civil action does not lie against a judge, for doing, or omitting or refusing to do, an official act in the exercise of judicial power; but, if he is also charged with the performance of ministerial duties, he is responsible to any person specially injured by the manner in which he performs them, or by his neglect or refusal to perform them, and his judicial character does not protect him.

2. *What acts are judicial, and what ministerial.*—Judicial power is authority to hear and determine, where the rights of persons or property, or the propriety of doing an act, is the subject-matter of adjudication, and a judicial act involves the exercise of judgment or discretion; but, where the law enjoins a duty, prescribing and defining the time, manner and occasion of its performance, with such certainty that nothing remains for judgment or discretion, the duty and the act each is ministerial.

3. *Same; granting or refusing license to retail spirituous liquors.*—In granting or refusing a license to retail spirituous liquors, a probate judge acts ministerially, not judicially; and an action lies on his official bond, if he improperly refuses to issue a license to an applicant who has fully complied with all the statutory requisitions.

4. *Judicial knowledge of statute, and election held under it.*—The court will take judicial notice of the act approved March 19th, 1875, known as the "Local Option Law" (Sess. Acts 1874-5, p. 276), and of the counties to which it is applicable; but not of an election held under its provisions in any one of those counties, nor the result thereof.

[Grider v. Tally.]

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

This action was brought by William M. Grider, against John B. Tally and others, the sureties on his official bond as the probate judge of said county; and was commenced on the 9th November, 1881. The complaint set out the bond, which was dated the 24th August, 1880, and conditioned that the said Tally " shall faithfully discharge the duties of such office, during the time he continues therein, or discharges any of the duties thereof;" and alleged, as a breach, that on the 21st December, 1880, plaintiff filed his petition to said Tally, as probate judge of said county, praying for a license to sell liquor in the town of Belleforte, "having first complied with all the requirements of the law in relation to the granting of license for the sale of liquor;" that said Tally " wrongfully and unlawfully refused to issue a license to plaintiff;" that plaintiff then applied to Hon. H. C. SPEAKE, the presiding judge of the circuit, for a *mandamus* requiring said Tally to issue a license as prayed, and obtained a peremptory *mandamus*; that Tally sued out an appeal to this court from said order of Judge SPEAKE, and said order was affirmed by this court; that plaintiff thereupon again applied to said Tally to grant him a license, " according to the prayer of his petition and the judgment of said court, and said Tally again wrongfully and unlawfully refused to issue a license;" that plaintiff thereupon prayed and obtained from Judge SPEAKE an attachment, directing the sheriff of said county to take said Tally into his custody, and him safely keep until he issued a license as prayed; whereupon said Tally did issue a license to plaintiff as prayed in his said petition. Plaintiff avers, that by reason of the wrongful and unlawful refusal of said Tally to issue said license, he was put to great trouble and expense in procuring the several judgments of the courts, whereby he was greatly damaged, to-wit, in the sum of $200, and, by reason of the delay in obtaining his license, sustained great loss in his business," &c.

The court sustained a demurrer to the complaint, on the ground that, on the facts alleged, the probate judge was acting in a judicial capacity, and therefore no action would lie for an erroneous decision by him; and the plaintiff declining to amend, rendered judgment for the defendant. The judgment on the demurrer is now assigned as error.

D. D. SHELLBY, for appellant.

ROBINSON & BROWN, *contra*. (No briefs on file.)

CLOPTON, J.—It is an unquestioned rule, founded on the

[Grider v. Tally.]

public benefit, the necessity of maintaining the independence of the judiciary, and its untrammelled action in the administration of justice, that a judge can not be held to answer in a civil suit for doing, or omitting or refusing to do, an official act in the exercise of judicial power. His responsibility for the manner in which he discharges the high trusts committed to him is to the sovereignty from whom he derives his authority. It is, also, an undisputed rule, that an officer who is charged with the performance of ministerial duties, is amenable to the law for his conduct, and is liable to any party specially injured by his acts of *misfeasance* or *non feasance*. When the law assigns to a judicial officer the performance of ministerial acts, he is as responsible for the manner in which he performs them, or for neglecting or refusing to perform them, as if no judicial functions were intrusted to him. The boundary of his judicial character is the line that marks and defines his exemption from civil liability.

Our law, organic and statutory, confers on the probate judge large judicial powers, and there is also assigned to him the performance of many acts merely ministerial; he is both a judicial and a ministerial officer. In *Thompson v. Holt*, 52 Ala. 491, it is observed: " A bond was, by legislation, demanded from him, as a guaranty for diligence and fidelity in the performance of his ministerial duties; as it is exacted from other mere ministerial officers. It is not a guaranty for his integrity and fidelity as a judge. For this, no other security is demanded from him, than that demanded from all other judicial officers—his official oath, and the sense of responsibility which the power and dignity of the office inspire. The official bond stands as an indemnity against his errors, or his willful misconduct, as a ministerial officer only. . . . For that which he may do or omit as a judge, he is exempt from civil suit or indictment. The policy of the State, founded on a due regard for the interests of the community, expressed in legislation which began in the days of our territorial existence, and which has been enlarged as public necessity demanded, has required of a probate judge an official bond, with sufficient sureties, conditioned in legal effect for the faithful performance of his ministerial duties, as a condition precedent to his induction into the office."

The official bond being a guaranty and conditioned for the faithful discharge of duties ministerial in their character, the inquiry addressed to our consideration is, whether the probate judge, in the matter of refusing to issue a license to the plaintiff, acted in a judicial or a ministerial capacity.

Judicial power is authority, vested in some court, officer or person, to hear and determine, when the rights of persons or property, or the propriety of doing an act, are the subject-

[Grider v. Tally.]

matter of adjudication. Official action, the result of judgment or discretion, is a judicial act. The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance, with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act.—*Flournoy v. City of Jefferson*, 17 Ind. 169; *Tenn. & Coosa R. R. Co. v. Moore*, 37 Ala. 371; *Morton v. Comp. Gen.*, 4 S. C. 430; *Commissioner v. Smith*, 5 Tex. 471; *Life & Fire Ins. Co. v. Wilson*, 8 Pet. 291. The inquiry should be directed to the question, does discretionary power attach to the office—the authority to decide, whether the license should or should not be granted ?

Section 1544 of the Code provides : " No license must be granted to sell vinous or spirituous liquor, unless the applicant produce to the judge of probate of his county, or to the person authorized by law to grant such license, the recommendation of ten respectable freeholders and householders thereof, residing within four miles of such applicant, stating that they are acquainted with him, that he is possessed of good moral character, and is in all respects a proper person to be licensed." The succeeding section prescribes the oath, which the applicant must take and subscribe before license is granted ; which oath may be administered by any officer authorized to administer oaths; and section 491 makes it the duty of the probate judge to issue the license upon payment of the amount required by law to be paid. Blank licenses are furnished by the auditor, to be filled and signed by the probate judge. No power is conferred on the probate judge to pass on the moral character of the applicant, or whether he is a proper person to be licensed, or on the propriety of issuing a license. He adjudges nothing —decides no question. On the production of the proper recommendation, taking and subscribing the prescribed oath, and paying the requisite amount, it is the clear and specific duty of the probate judge to issue the license.

If it be said, that the probate judge has to ascertain that the recommendation is by the freeholders and householders of the county, residing within five miles of the applicant, a similar necessity exists in every case of a ministerial duty. A sheriff must determine whether process, coming into his hands, is issued from a court of competent jurisdiction, and is regular on its face ; and a treasurer of public moneys must ascertain whether the warrant is drawn by such officer, and in such manner that its payment is a duty ; but the execution of the process, and the payment of the warrant, are ministerial acts. A judge must determine whether a judgment is entered accord-

[Grider v. Tally.]

ing to the verdict of the jury, or the consideration of the court, and whether a bill of exceptions correctly recites the proceedings; but the act of signing the judgment and bill of exceptions is ministerial. That a necessity may exist for the ascertainment, from personal knowledge, or by information derived from other sources, of the state of facts on which the performance of the act becomes a clear and specific duty, does not operate to convert it into an act judicial in its nature. Such is not the judgment, or discretion, which is an essential element of judicial action.—*Crane v. Camp*, 12 Conn. 464. If the probate judge acts judicially in the matter of issuing a license, his decision is final and conclusive, and a license issued to a relative, within the degrees that disqualify a judge, is void.—*Halso v. Seawright*, 65 Ala. 431.

An appropriate and general test is laid down in *Rains v. Simpson*, 50 Tex. 495, as follows: "Perhaps as safe criterion as any other, to ascertain whether a private suit will or will not lie, is to adopt the rule which governs in cases in which a *mandamus* would or would not be granted." On the refusal of the probate judge to issue the license, when first applied for, the plaintiff made application to the Circuit Court for a *mandamus*, commanding him to issue it. A peremptory *mandamus* was granted by the Circuit Court, and on appeal to this court, the judgment was affirmed.—*Tally v. Grider*, 66 Ala. 119. The character of the specific act asked to have performed was necessarily involved in the issue, and determined. This is manifest, when it is observed that a *mandamus*, issued to an officer in a matter in respect to which he has discretionary powers, requires him only to take action, without directing the manner in which his discretion shall be exercised; but, when the act is merely ministerial, and its performance mandatory, the officer having no discretion, the *mandamus* requires and commands the doing of the specific act. If the duty of the probate judge is judicial—if he posesses discretionary power to issue or not to issue a license—a *mandamus* would not, and could not have been granted. The probate judge having already taken action and refused, a *mandamus* would have had no office to perform. Awarding a peremptory *mandamus* is a judicial ascertainment that the probate judge has no discretionary powers.

It may be proper to observe, that our consideration has been directed to the nature of the power and duty of the probate judge under the general laws providing for and regulating the issue of license to sell vinous or spirituous liquor. While we judicially know the act, commonly called the "Local Option Law," passed in 1875, and that it is applicable to Jackson county, on demurrer to the bill of complaint, which does not

aver, nor make any allusion to any proceedings under the act, we can not take judicial notice that an election has been ordered and held as provided, or of its result. An expression of opinion, on the assumption that an election has been ordered, and held with a prohibitory result, would be premature, and mere *dictum*.

