THE PEOPLE, for the use of Cornelia A. Munson,

*v.*

ARTHUR T. BARTELS *et al.*

*Filed at Ottawa June 15, 1891.*

1. OFFICIAL ACTION—*when judicial—liability of officer.* A judicial officer will not be held liable for acts done by him in the exercise of his judicial functions, if the act is within the scope of his jurisdiction. Official action is judicial when it is the result of judgment or discretion.

2. Where an officer has the authority to hear and determine the rights of person or property, or the propriety of doing an act, he is vested with judicial powers. When the powers confided to him are so far discretionary that he can exercise them or withhold them, according to his own judgment as to what is necessary and proper, the power will be judicial or *quasi* judicial.

3. SAME—*when ministerial—liability of officer.* Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion. Official action is ministerial when it is the result of performing a certain and specific duty arising from fixed and designated facts.

4.  Where the duty imposed on an officer is purely ministerial, he will be held liable for any injury to another which results from his failure to perform it, or from his performance of it in a negligent or unskillful manner.

5.  Where the same officer is charged with the performance of both judicial and ministerial duties, he will not be protected by the judicial privilege while in the exercise of his ministerial functions.

6.  ACKNOWLEDGMENT OF DEED — *under former law — quasi judicial.* Under prior laws not now in force in this State, the taking of the acknowledgment of a deed of a husband and wife, in which the officer was required to make a privy examination of the wife, was a *quasi* judicial act.

7.  SAME—*under the present law—purely ministerial.* The taking of an acknowledgment of a deed or mortgage by an officer so authorized is purely a ministerial act, and if he gives a false certificate of acknowledgment he will be liable upon his official bond to one injured thereby.

8.  SAME—*duty of probate clerk.* The clerk of a probate court is one of the officers before whom deeds, mortgages, etc., may be acknowledged. When he assumes to take such acknowledgment he must act in compliance with the law, and will be regarded as having undertaken the performance of a duty, for the proper discharge of which the law will hold him and his sureties responsible.

9.  SAME—*false certificate—liability of officer on official bond.* If an officer, in his certificate of the acknowledgment to a forged mortgage, falsely certifies that the person whose name appears as having executed the same is personally known to him, and that he appeared before him in person and acknowledged the same as his act and deed, and the holder of such forged mortgage negotiates a loan thereby on an innocent person without notice of the facts, the officer will be liable upon his official bond to the party who so loans his money on the faith of the transaction being genuine and true.

10.  In an action upon the official bond of a probate clerk, for the use of the person injured, the declaration averred that the clerk assumed to take the acknowledgment of a certain person to a mortgage, and that such person was not personally known to him to be the person signing the mortgage, and that the mortgagor did not appear before him and acknowledge the mortgage, as the officer certified, and that the clerk made the statement required by the statute in his certificate of acknowledgment, but that the same was false and fraudulent: *Held,* that the facts stated in the declaration showed a right of recovery.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHAS. BLANCHARD, Judge, presiding.

Mr. D. B. Snow, for the plaintiff in error:

The declaration was sufficient. It is not necessary to plead a public law, or to state the duty of an officer under the law. *People* v. *Hydraulic Co.* 115 Ill. 288; *People* v. *Wardlaw*, 24 id. 570; 1 Chitty's Pl. *214, *215; Gould's Pl. chap. 3, sec. 12.

As to what constitutes misfeasance or malfeasance in office, see *Harris* v. *Hanson*, 2 Fairf. 245; *Story* v. *Jennings*, 4 Ohio St. 418; *People* v. *Schuyler*, 4 Comst. 173; *Knowlton* v. *Bartlett*, 1 Pick. 274; *Van Pelt* v. *Littler*, 14 Cal. 194.

An officer, in certifying the acknowledgment of a deed or mortgage, acts ministerially. *Hill* v. *Bacon*, 43 Ill. 479; *Herkelrath* v. *Stookey*, 58 id. 21; *Lynch* v. *Livingston*, 6 N. Y. 433; Mechem on Public Officers, secs. 657, 658; *Grider* v. *Tally*, 77 Ala. 422; 1 Jones on Mortgages, sec. 535.

As stating the general principles as to liabilities of sureties on official bonds, we cite *Adsit* v. *Brady*, 4 Hill, 632; Shearman & Redfield on Negligence, chap. 9, secs. 156, 159; *Amy* v. *Supervisors*, 11 Wall. 136; Mechem on Agency, sec. 590, and notes.

As to liability of sureties on bond of officer for false certificate of acknowledgment, see *Fogarty* v. *Finlay*, 10 Cal. 239; *People* v. *Butler*, 74 Mich. 643; *Curtiss* v. *Colby*, 39 Mich. 456.

As cases in our own court announcing the rules of law as to liabilities of sureties on official bonds, we cite *The Governor* v. *Ridgway*, 12 Ill. 14; *Compher* v. *People*, 12 id. 90; *Smith* v. *Peoria County*, 59 id. 412.

Mr. M. T. Moloney, for the defendants in error:

In support of the doctrine that taking an acknowledgment is a judicial act, see 68 Ill. 430; 69 id. 666; 100 id. 386; *Lickmon* v. *Harding*, 65 id. 505; 107 id. 369; 118 id. 360; *Commonwealth* v. *Haines*, 97 Pa. St. 228; 39 Am. Rep. 805; *Withers* v. *Baird*, 7 Watts, 227; 32 Am. Dec. 754; *Jamison* v. *Jamison*, 3 Whart. 457; 31 Am. Rep. 536; *Hester* v. *Glasgow*, 79 Pa. St. 79; 21 Am. Rep. 46; *Singer Mfg. Co.* v. *Rook*,

84 Pa. St. 442; 24 Am. Rep. 204; *Henderson* v. *Smith,* 26 W. Va. 829; 62 Iowa, 236.

The first two counts are bad, in failing to allege that it was the duty of Bartels to take the acknowledgment in question. 5 Com. Dig. title "Pleader," 2 o.

The liability of a surety is *strictissimi juris,* and is not to be extended by implication. The statute does not in terms impose the duty on the clerk to take the acknowledgment of deeds.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of debt brought in the Circuit Court of LaSalle County by the People, for the use of Cornelia A. Munson, against Arthur T. Bartels and his sureties upon the official bond of the said Bartels as clerk of the Probate Court of LaSalle County. The defendants demurred to the declaration; the court sustained the demurrer and rendered judgment against the plaintiff for costs; plaintiff elected to abide by her declaration, and excepted to the ruling of the court. The Appellate Court has affirmed the judgment of the Circuit Court, and the case is brought up for review by writ of error from this Court to the Appellate Court.

The declaration consists of four counts. The first count alleges that Bartels was clerk of said court from December 4, 1882, to December 4, 1886; that on the former date he executed his official bond conditioned to "well and faithfully do and perform all the duties of said office;" that, on September 28, 1886, said Bartels assumed to take the acknowledgment of a mortgage of that date, purporting to be executed by one Alva B. Goodrich, a widower, of LaSalle County, to George W. Ravens of Ottawa, to secure a note for $2500.00 of same date payable to order of said Ravens upon land in that county; that Bartels attached his official certificate to said mortgage, as follows:

"State of Illinois,  }
   County of LaSalle. }  *ss.*

"I, A. T. Bartels, Clerk of the Probate Court in and for the County and State aforesaid, do hereby certify that Alva B. Goodrich, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged before me that he signed, sealed and delivered the foregoing instrument as his free and voluntary act and deed for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

"Given under my hand and official seal this twenty-eighth day of September, A. D. 1886.

A. T. Bartels,

(Seal.)                       *Clerk of the Probate Court;*"

that the statements in said certificate were and are false and untrue; that said Goodrich at that date was not personally known to Bartels to be the same person whose name is subscribed to said mortgage, and did not appear before said Bartels in person and acknowledge that he signed, sealed and delivered said instrument; that the name of said Goodrich upon said note and mortgage was a forgery; that at that date a man named Alva B. Goodrich resided in said county and owned the land described in the mortgage; that Ravens for Goodrich applied to plaintiff, Munson, for a loan of $2500.00, and presented to her a correct abstract of title to said land; that plaintiff furnished to Ravens for Goodrich $2500.00, and received from Ravens said note and mortgage, which were assigned to her; that plaintiff was not acquainted with Goodrich, or the person claiming to be Goodrich, and relied solely upon the certificate of said Bartels; that Alva B. Goodrich has filed his bill against Munson, Ravens and one Catlin and obtained a decree, finding said note and mortgage to be forgeries and null and void as to him, and canceling the same of record; that plaintiff has declared the note and mortgage due

for non-payment of interest according to its terms; that the person, so forging Goodrich's name and believed to be one Henry Boyd, is pecuniarily irresponsible and beyond the jurisdiction of the court; that said Bartels did not well and faithfully do and perform all the duties of his office as such clerk as required by law and the conditions of the bond, and plaintiff has been injured by his neglect and misconduct, etc.

The second count contains substantially the same allegations as the first except that it avers, that a person representing himself to be Alva B. Goodrich applied to plaintiff for the loan, and presented the abstract showing title in Goodrich, and the note and mortgage purporting to be executed by him, and to be acknowledged by Bartels and having the certificate aforesaid attached thereto; that the statements in the certificate were false, and the name of Goodrich forged; that Ravens, as agent of the person claiming to be Goodrich, gave plaintiff the note and mortgage, and she paid over the $2500.00 relying upon said certificate, etc.

The third count is substantially the same as the second, and further avers that the name of Goodrich appearing on said note and mortgage is and was a forgery, and the said certificate "is and was, to the full knowledge of said Bartels, false and fraudulent;" that the land is of the value of $10,000.00; that no part of the interest or principal of the money so loaned has been paid; that the person so forging, etc., was, and has ever since been, insolvent and beyond the jurisdiction of the court. This count omits the averments as to the filing of the bill and the rendition of the decree canceling the mortgage, and avers, that Bartels as such clerk certified upon the mortgage, that Goodrich was personally known to him to be the same person whose name is subscribed, etc., and that said Goodrich appeared before him in person and acknowledged said mortgage, etc.; the facts, so certified to, are then denied, etc.

The fourth count is substantially the same as the third, and avers that Goodrich was not personally known to Bartels, and not personally known to be the same person whose name was subscribed, etc., and did not appear, etc., and acknowledge, etc., and that the name of Goodrich was a forgery and the certificate of Bartels false and fraudulent, etc. This count, like the third, does not set out the proceedings and decree under the bill filed to set the mortgage aside.

The main question to be determined in this case is, whether the clerk of the Probate Court performed a judicial act or a ministerial act in taking the acknowledgment. A judicial officer will not be held liable for an act done by him in the exercise of his judicial functions, if the act is within the scope of his jurisdiction. Official action is judicial where it is the result of judgment or discretion. When the officer has the authority to hear and determine the rights of person or property, or the propriety of doing an act, he is vested with judicial power. An officer will be regarded as being clothed with judicial or quasi-judicial functions, when the powers confided to him are so far discretionary that he can exercise or withhold them according to his own judgment as to what is necessary and proper. Where the question is one of opinion merely, whether as to the value of property, or as to the weight to be given to evidence legally admitted, the discretion exercised can not be disputed.

But where the duty imposed on an officer is purely ministerial, he will be held liable for an injury to another which results from his failure to perform it, or from his performance of it in a negligent or unskillful manner. Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action is ministerial when it is the result of performing a certain and specific duty aris-

ing from fixed and designated facts. The same officer may be charged with the performance of both judicial and ministerial duties, and when he is in the exercise of his ministerial functions only, he is, of course, not protected by the judicial privilege. (*Grider* v. *Tally*, 77 Ala. 422; *Wall* v. *Trumbull*, 16 Mich. 228; *Owners of Lands* v. *The People*, 113 Ill. 296.)

It is difficult to see how the act of taking such an acknowledgment as was taken by the clerk of the Probate Court in this case can be regarded as in any sense judicial in its character. The clerk certified that he performed a certain and specific duty arising from fixed and designated facts; and therefore his act was purely ministerial. The 24th section of our Conveyance Act provides, that the party must be personally known to the officer taking the acknowledgment, or shall be proved to· be such by a credible witness, and he must state in his certificate that such party was personally known to him to be the person whose name is subscribed to the writing, or that he was proved to be such by a credible witness. If the clerk had stated in his certificate, that Goodrich had been proved to be the person subscribing the deed by a credible witness, then it might be said, that the clerk had performed a judicial function in determining from evidence that Goodrich was the person signing the deed; and that he should not be held liable if he made a mistake and drew a wrong conclusion from such evidence. But the personal knowledge required by the statute is not attained as the result of weighing evidence. That this is so, is apparent from the fact that the statute expressly distinguishes between personal knowledge and knowledge acquired by the testimony of a witness. So, in certifying that Goodrich acknowledged that he signed, sealed and delivered the deed as his free and voluntary act, the clerk did not certify to any conclusion from facts, but simply certified to the fact of Goodrich having acknowledged or admitted a certain thing to be true. The sheriff determines whether process is issued by the proper court and regular on its face, but his execution of the process·

has never been regarded otherwise than as a ministerial act. The public treasurer must ascertain that a warrant is properly drawn before he pays it, but his payment of it is a ministerial act. It was said in *Grider* v. *Tally, supra:* "That a necessity may exist for the ascertainment from personal knowledge, or by information derived from other sources, of the state of facts on which the performance of the act becomes a clear and specific duty, does not operate to convert it into an act judicial in its nature. Such is not the judgment or discretion, which is an essential element of judicial action."

In *Hill* v. *Bacon*, 43 Ill. 477, we said: "This act of taking an acknowledgment of a deed is a mere ministerial act, and can be taken by a notary public anywhere within the limits of the county." In *Herkelrath* v. *Stookey*, 58 Ill. 21, we held that the acknowledgment of a chattel mortgage before a police magistrate was a ministerial and not a judicial act. In the recent case of *The People ex rel.* v. *Nelson*, 133 Ill. 565, the majority opinion of the court uses this language : "We may refer, by way of illustration, to those provisions of our statutes which confer upon judges the power to take the acknowledgment of deeds and to solemnize marriages, powers, which, *though nonjudicial in their nature,* have never been supposed to be incompatible with the judicial office." To the same effect are the following authorities: 1 Jones on Mtges. sec. 535; Martindale on Conveyancing, sec. 256 (note 6); *Lynch* v. *Livingston*, 6 N. Y. 422; *Truman* v. *Love*, 14 Ohio St. 144; *Williamson* v. *Carskadden*, 36 id. 664; *Curtis* v. *Colby*, 39 Mich. 456; *Doran* v. *Butler*, 74 id. 643; *Fogarty* v. *Finlay*, 10 Cal. 239.

It has been held, that *mandamus* will lie to compel a judge to sign a bill of exceptions, on the ground that "the signing, sealing and approving of a bill of exceptions" is a ministerial act, and requires no such exercise of discretion as is involved in the performance of a judicial function. (*The People* v. *Pearson*, 2 Scam. 189; *Grider* v. *Tally, supra*.) And yet before signing a bill of exceptions the judge must determine

whether it correctly recites the proceedings, and whether it correctly sets forth what the witnesses appearing before him on the trial testified to. The officer making such a certificate as is above set forth does nothing more than that which a judge does when he signs a bill of exceptions. The notary or clerk simply certifies, that a grantor, who is personally known to him, came before him and avowed or admitted that he signed, sealed and delivered a particular instrument, just as the judge certifies that the persons testifying came upon the witness stand and stated certain matters of fact.

Decisions made by this court and by the courts of other States are referred to as sustaining the position, that the taking of an acknowledgment is a judicial act. It must be confessed, that there is no little conflict among the authorities upon this subject. But we think that this conflict has proceeded mainly from the failure to distinguish between cases of acknowledgments by married women, and other cases where married women were not concerned.

In *Lickmon* v. *Harding*, 65 Ill. 505, it does not appear whether the wife joined in the deed with her husband or not. The question there was, whether the unsupported testimony of the grantor, that the acknowledgment was false and fraudulent, could prevail over the certificate of acknowledgment; and the question was decided in the negative upon the ground mainly that an opposite holding would be against public policy, as leaving but slight security for titles to land. The statement made by the court, that the magistrate acted judicially in taking the acknowledgment, was not necessary to the decision of the case. A comparison of the language there used with the language made use of by the Supreme Court of Pennsylvania in *Jamieson* v. *Jamieson*, 3 Whart. 457, will show, that the Jamieson case was followed in the decision of the Lickmon case. But there was a failure in the latter case to notice, that the acknowledgment in the former case was of a

married woman, who had been examined by the officer separate and apart from her husband.

By the law in force in this State before the passage of the present Conveyance Act of 1872, the officer, taking the acknowledgment of a married woman joining with her husband in the execution of a deed, was required to make the contents known to her, and to examine her separate and apart from her husband as to whether she executed the same, and relinquished her dower, voluntarily and without compulsion. In such a case, the officer necessarily acted judicially, because he was obliged to draw his own conclusions from an examination conducted by himself as to the voluntary or involuntary character of the act of the wife, and to base his official conduct upon the conclusions so drawn. The common law required, that the acknowledgment of the wife should be made in open court by fine or recovery, and it always became a matter of record. In the levy of a fine the privy examination constituted part of a judicial proceeding, and never could be contradicted. The privy examination before the officer taking the acknowledgment, and his certificate to the fact of such examination and acknowledgment, were made substitutes for the fine, and given the same effect by the statute. By authorizing a notary public or clerk of a court to take such acknowledgments and privy examinations, the legislature conferred upon them duties of the same nature as those theretofore exercised by courts, and hence gave to their acts the dignity of judicial proceedings. In an able review of this subject the Supreme Court of West Virginia says: "The reason as well as the nature and history of the subject show, that the official act of taking the privy examination of a married woman, whether done by a court, justice or notary, is a judicial act, or, as it is sometimes designated, a *quasi*-judicial act." (*Henderson* v. *Smith*, 26 West Va. 829.) (*Ennor* v. *Thompson*, 46 Ill. 214.)

In *Withers* v. *Baird*, 7 Watts, 227, it was said: "The acknowledgment was palpably insufficient to bar the dower of

Baxter's wife. The office of a magistrate in respect to private examination is a judicial and a delicate one. Entrusted with the business of inspecting the wife's knowledge and will, he should be superior to all exception on the score of impartiality." (*Singer Manf. Co.* v. *Rook*, 84 Penn. St. 442.) (*Hom. Mut. Life Ins. Co.* v. *Marshall*, 32 N. J. Eq. 103.)

The doctrine, that the taking of an acknowledgment is a judicial act, had its origin in the consideration of acknowledgments by married women, where the officer is required to make the privy examination herein referred to; and, as applied to such cases, the doctrine is sound. In *Canal and Dock Co.* v. *Russell*, 68 Ill. 426, and *Kerr* v. *Russell*, 69 id. 666, the acknowledgments were by married women, and the certificates stated that they were examined separate and apart from their husbands, and that the contents and meaning of the instruments were fully explained to them, etc., as required by the statute then in force. In those cases, the taking of the acknowledgment was correctly held to be a judicial act.

But the present statute of this State no longer requires the separate examination of a married woman in order to relinquish her dower or convey her separate estate. She is treated as though she were a *feme sole*. An ordinary acknowledgment, such as that involved in the present case, cannot be regarded as a judicial act; and those cases, which hold that it is a judicial act, will be found, upon examination, to have improperly applied the ruling in regard to acknowledgments by married women where a privy examination is made necessary by statute, to acknowledgments not made by married women, or where there has been no requirement of such an examination.

Counsel refer to the cases of *Fitzgerald* v. *Fitzgerald*, 100 Ill. 385, and *Heacock* v. *Lubuke*, 107 id. 396, and *Watson* v. *Watson*, 118 id. 56, as endorsing and reaffirming the Lickmon case. But in those cases the Lickmon case is only endorsed in so far as it holds that the officer's certificate, in the absence of fraud and collusion, will prevail over the unsupported testi-

mony of the grantor that the same was false and forged; they do not endorse the holding that the taking of the acknowledgment is a judicial act.

The cases which hold that a trust deed or mortgage cannot be acknowledged before the trustee or mortgagee because of the interest of the latter, do not necessarily hold the acknowledgment to be a judicial act, as it is against the policy of the law that an officer should be permitted to perform either a ministerial or a judicial act in his own behalf. (*Hammers* v. *Dole*, 61 Ill. 307.) Several minor objections are made to the declaration, but we do not regard them as well taken. It is said, the declaration does not directly aver or allege that it was "a duty imposed by law upon said Bartels, as clerk of said court, to take acknowledgment of deeds." It is also said that the facts set forth in the declaration are not sufficient in law to constitute a breach of the official bond of Bartels as clerk of the Probate Court for which his sureties are liable, and that the taking of an acknowledgment of a deed by the Probate Clerk of LaSalle County is not a duty imposed on him by law for the non-performance of which or the wrongful performance of which his sureties may be held liable.

The Act to establish Probate Courts, etc., (1 Starr & Cur. Ann. Stat. page 731) provides, that the clerk of the Probate Court shall give a bond "for the faithful performance of *the duties of his office*," etc. (sec. 14); and that every such clerk shall attend the sessions of the court, issue process, preserve the files, keep the records, "and do and perform all *other duties pertaining to their said offices, as may be required by law*, or the rules and orders of their courts respectively," etc. (sec. 16).

The 20th section of the Conveyance Act (Starr & C. Ann. Stat. page 580) provides that deeds, mortgages, etc., "may be acknowledged or proved     *   *   *     before a master in chancery, notary public, United States commissioner, circuit or county clerk, justice of the peace, or any court of record having a seal, or any judge, justice or clerk of any such court."

The clerk of the Probate Court of LaSalle County, being a clerk of a court of record, is one of the officers before whom deeds, mortgages, etc., may be acknowledged. Section 24 of the same Act provides, that "no judge or other officer shall take the acknowledgment of any person to any deed or instrument of writing as aforesaid, unless the person offering to make such acknowledgment shall be personally known to him to be the real person, who and in whose name such acknowledgment is proposed to be made," etc. (1 Starr & C. page 587.)

Without determining whether, under the statute as thus quoted, a clerk of the Probate Court may or may not decline to take an acknowledgment, we are clearly of the opinion that, when he assumes to do so, he must act in compliance with the law upon the subject, and must be regarded as having undertaken the performance of a duty, for the proper discharge of which the law will hold him and his sureties responsible. His duty to take the acknowledgment and certify to it according to law when he has once assumed to take it, is imposed by a public law, and therefore it is unnecessary to plead the law. (*The People* v. *Hydraulic Co.* 115 Ill. 288; *People* v. *Wardlaw,* 24 id. 570.)

The statute expressly provides, that the officer shall not take the acknowledgment of any person to a deed, etc., unless such person shall be personally known to him to be the real person who proposes to make such acknowledgment. The declaration avers, that Bartels assumed to take an acknowledgment of a certain person to a mortgage, and that such person was not personally known to him to be the person signing the mortgage, and did not appear before him. The statute requires, that the officer shall state in his certificate that the person acknowledging was personally known to him to be the real person subscribing the instrument. The declaration avers that Bartels made the statement required by the statute in his certificate, but that the same was false and fraudulent. In

the performance of an official act, done by him as clerk of the Probate Court, he violated an express provision of the Statute, according to the case stated in the declaration. His sureties can therefore be held liable. (*Harris* v. *Hanson*, 2 Fairf. (Me.) 245; *Knowlton* v. *Bartlett*, 1 Pick. 274; *Horan* v. *The People*, 10 Brad. 23; *Curtis* v. *Colby*, *supra*; *Doran* v. *Butler*, *supra*; *Fogarty* v. *Finley*, *supra*.) (Mechem's Pub. Off. & Officers, secs. 706 to 709.)

We think the facts stated in the declaration are sufficient to constitute a breach of the official bond, and that, under the statutes as above quoted, the taking of and certifying to the acknowledgment in the manner set forth in the declaration were such violations of a duty imposed by law as will make the sureties on the bond liable.

The judgments of the Appellate and Circuit Courts are reversed, and the cause is remanded to the Circuit Court for further proceedings in accordance with the views here expressed.

*Judgment reversed.*

CRAIG and WILKIN, JJ., dissenting.