MICHAEL D. RICHARDSON, Plaintiff-Appellant, *v.* JAMES R. GRUNDEL, Defendant-Appellee.

Third District   No. 79-843

Opinion filed June 9, 1980.—Rehearing denied July 15, 1980.

Michael D. Richardson, of Galesburg, for appellant, *pro se.*

Carl E. Hawkinson, State's Attorney, of Galesburg (Carey J. Luckman and Raymond G. Kimbell, III, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Michael D. Richardson appeals from a judgment of the Circuit Court of Knox County, dismissing, for failure to state a cause of action upon which relief can be granted, his claim against James R. Grundel. Mr. Richardson was the victim of a burglary perpetrated by a juvenile offender. The defendant, James R. Grundel, is the director of juvenile court services of Knox County. On April 27, 1978, the said juvenile offender was placed on probation by the circuit court. The juvenile was "placed under the guardianship and supervision of James R. Grundel, Director of Court Services, Knox County, Illinois, who also has the power of placement." Among the terms and conditions of his probation were that the "[s]aid minor shall not leave Knox County without the permission of his probation officer" and that the "[s]aid minor shall make restitution by arrangement with his probation officer."

On April 28, 1978, the Assistant State's Attorney of Knox County informed Mr. Richardson that the minor was placed on juvenile probation and was ordered to make restitution to Mr. Richardson's firm, such restitution to be handled through Mr. James Grundel of Knox County

juvenile court services. Subsequently, the juvenile's probation was revoked.

On June 12, 1979, Michael Richardson filed a small claim complaint with the Circuit Court of Knox County against James Grundel for the amount of $225.50 for "his failure to enforce an Order of the Juvenile Court pursuant to his duties established by the Illinois Revised Statutes, Chapter 37, Section 705—3(2)(o) and Section 706—1(2)(g)." Mr. Grundel moved to dismiss for failure to state a cause of action. Mr. Grundel appeared personally and by counsel. Mr. Richardson appeared pro se. Both parties filed briefs. The trial court dismissed the complaint for failure to state a cause of action. Mr. Richardson then moved for leave to amend. This was denied because "there is no basis in tort, contract, or otherwise to support the plaintiff's claim against the defendant." Mr. Richardson appeals.

James Grundel, as the director of juvenile court services of Knox County, was appointed by, works under the supervision of, and serves at the pleasure of the chief judge of the Ninth Judicial Circuit (Ill. Rev. Stat. 1979, ch. 37, par. 706—5(2)). It is clear, therefore, that the defendant, as well as other juvenile probation personnel, are judicial officers. (See also Ill. Rev. Stat. 1979, ch. 37, par. 706—1.) Pursuant to section 6—1(2)(c) of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 706—1(2)(c)), the juvenile offender was placed under the guardianship of the defendant. In addition, the juvenile was ordered to pay restitution by arrangement with his probation officer. (Ill. Rev. Stat. 1979, ch. 37, pars. 705—2(4) and 705—3(2)(l).) The probation officer is vested with power to supervise the collection of such restitution by section 6—1(2)(g) of the Juvenile Court Act. Ill. Rev. Stat. 1979, ch. 37, par. 706—1(2)(g).

It is the long-standing law of this State that a judicial officer will not be held liable for an act done by him in the exercise of his judicial functions, if the act is within the scope of his jurisdiction. (*People ex rel. Munson v. Bartels* (1891), 138 Ill. 322, 328, 27 N.E. 1091; *cf. People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 502, 359 N.E.2d 149.) Official action is judicial where it is the result of judgment or discretion.

> "An officer will be regarded as being clothed with judicial or quasi-judicial functions, when the powers confided to him are so far discretionary that he can exercise or withhold them according to his own judgment as to what is necessary and proper. Where the question is one of opinion merely, * * * the discretion exercised cannot be disputed.
>
> But where the duty imposed on an officer is purely ministerial, he will be held liable for an injury to another which results from his failure to perform it, or from his performance of it in a negligent or unskillful manner. Official duty is ministerial when it is absolute,

certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion." (*People ex rel. Munson v. Bartels* (1891), 138 Ill. 322, 328, 27 N.E. 1091.)

The plaintiff argues that the duty of the probation officer, to collect restitution from the defendant, was ministerial, in that he was under court order to perform it. However, it is clear that the court order gave the probation officer discretion as to the "time, mode and occasion" of the collection of restitution from the juvenile.

"If restitution is part of the disposition, the [juvenile] shall make restitution to the victim in accordance with the following:
(a) A [dispositional] hearing shall be held to assess the financial capacity of the [juvenile] to make restitution as well as to determine the amount and conditions of payment at the court's discretion." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6; ch. 37, par. 705—2.)

The amount and conditions of payment were not determined at the dispositional hearing in the instant juvenile case. Instead, the juvenile probation officer was, by means of the court order, vested with the court's discretion to determine these matters.

Furthermore, the court appointed the defendant, James Grundel, guardian and supervisor of the juvenile offender. It is the purpose and policy of the Juvenile Court Act "to secure for each minor subject [t]hereto such care and guidance * * * as will serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community; * * * and, when the minor is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should be given by his parents." (Ill. Rev. Stat. 1979, ch. 37, par. 701—2(1).) " 'Guardianship of the person' of a minor means the duty and authority, subject to residual parental rights and responsibilities, to make important decisions in matters having a permanent effect on the life and development of the minor and to be concerned with his general welfare." Ill. Rev. Stat. 1979, ch. 37, par. 701—11.

Thus, it is clear that the duties with which the defendant was entrusted by order of the court were of a highly discretionary nature, and not merely ministerial. In order to be free to exercise his discretion for the "general welfare" of the juvenile, the defendant must, in this instance, be cloaked with immunity from personal civil liability to the victim of the juvenile's offense.

Mr. Richardson points out that the 1970 Illinois Constitution, article I, section 12, states that: "Every person shall find a certain remedy in the

laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Mr. Richardson further points out that, because the juvenile in question is no longer on probation, and therefore no longer subject to the order of restitution, procedure through the juvenile court for enforcement of the restitution order would be fruitless. Assuming this is true, we can only suggest to Mr. Richardson that he is not completely without remedy, as he may yet have a civil cause of action against the juvenile for the commission of tort against his property.

Mr. Richardson further contends that the trial judge displayed prejudice against him in remarks made during the course of the hearing. As the case was called, the trial judge commented, "Now comes the main event." Although Mr. Richardson finds such a remark to evidence a light regard for the substance of his claim, this remark does not necessarily show a predisposition against Mr. Richardson on the part of the court. We can well sympathize with Mr. Richardson's reaction to the court's undignified reference to his case. Nevertheless, we do not find, as Mr. Richardson suggests, the use of a sporting term in reference to his case to display a lack of interest in its merits. Indeed, the court, by referring to it as the *main* event of its day, displays rather the opposite attitude. In the course of his day, a small-claims judge hears many cases. The overwhelming majority of these are mundane, both factually and legally. Mr. Richardson's case was doubtless a bright spot in the day of this judge, and he noted the event accordingly.

Nor do we find prejudice in the court's reference to Mr. Richardson as a "quasi-layman". A small claims court does not usually hear cases argued by counsel. Lay argument is quite common. The court, after reading the briefs, made inquiry into Mr. Richardson's educational background, and concluded that he was a "quasi-layman." Mr. Richardson prefers to view himself as a "private citizen." Mr. Richardson's education and legal background are not matters of record before this court. From the record in this case, it seems that Mr. Richardson is, indeed, a layman. The addition of the appellation "quasi" by the trial court may well have resulted from the court's marvel at the erudition and skill with which Mr. Richardson researched and briefed his claim. This court is likewise impressed with the quality of this pro se appellant's brief and argument.

Although Mr. Richardson objected to the remarks of the court at trial, he never specifically requested the trial judge to recuse himself. Thus, additional evidence on this issue is lacking. The evidence which Mr. Richardson presents to this court does not warrant a reversal on the grounds of prejudice on the part of the trial judge, especially where, as here, the case was disposed of on legal, rather than factual, findings of the court.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.