112  192|
114  445|

PEOPLE *v.* SMITH.

FORGERY—LETTERS OF ATTORNEY.

> A paper purporting to give authority to the bearer to solicit and receive donations for a fund ostensibly under the control of a labor organization is not a "letter of attorney" or an "order for money," within the statute ( 2 How. Stat. § 9213 ) making such instruments the subject of forgery.[1]

Error to recorder's court of Detroit; Donovan, J., presiding. Submitted February 4, 1897. Decided March 23, 1897.

John Smith and William French were convicted of forgery, and sentenced to imprisonment for four years in the state prison at Jackson. Reversed and respondents discharged.

*Fred R. Gartner* and *Edward A. Stricker*, for appellants.

*Allan H. Frazer*, Prosecuting Attorney, for the people.

HOOKER, J. The defendants were convicted of the offense of forgery, upon an information stating the offense as follows, viz.:

"Feloniously did utter and publish as true a certain false, forged, and counterfeited letter of attorney, which said false, forged, and counterfeited letter of attorney is as follows:

Union Iron & Steel Workers: This is to certify that the bearers are members in good standing, and are authorized to solicit

---

[1] The liability for forgery of a worthless instrument is the subject of an extensive note to *People* v. *Munroe*, (Cal.) 24 L. R. A. 33.

subscriptions for our relief fund.   All donations thankfully re-
ceived.

|  | Committee: | Chas. W. Harper, |
|  |  | H. C. Guthrie, |
|  |  | William Sloan. |
|  | Secretary: | Jas. W. O'Brien. |

| Pingree & Smith, | Pd. | $5 00 |
| George W. Wilson, |  | .3 00 |
| Meyer Binswangaub, | Pd. | 3 00 |
| Mabley & Company, | Pd. | 5 00 |

—With intent then and there to injure and defraud, they,
the said John Smith and William French, at the time
they so uttered and published the said false, forged, and
counterfeited letter of attorney as aforesaid, then and
there well knowing the same to be false, forged, and
counterfeited."

The theory of the prosecution appears to have been that
there was no such organization as the "Union Iron &
Steel Workers," and we think there was testimony from
which the jury might properly so find.   The principal
questions in the case are:

1. Whether this instrument was within the list men-
tioned in the statute.

2. If so, whether the fact that it was called a "letter
of attorney" in the information was fatal, if it was not
legally a letter of attorney.

3. Whether it was of any apparent legal effect, and so
capable of being forged.

This instrument, upon its face, purports to give author-
ity to the defendants to solicit and receive donations for a
fund ostensibly under the control and charge of an organi-
zation.   If this can properly be called a "letter of attor-
ney;" or an "order for money," it is within the statute.
If not, the offense which the prosecutor sought to prove was
more in the nature of obtaining money by false tokens and
pretenses.   We think it cannot be called a "letter of attor-
ney" or an "order for money."   A letter or power of
attorney is commonly understood to be a formal docu-
ment authorizing some act which shall have a binding

effect upon the person making such power of attorney. It is usually under seal, and, while (under our statute) the want of a seal might not invalidate all powers of attorney, it would not follow that every paper conferring authority upon another is a letter of attorney. So, too, an order for money has a well-understood meaning, and it would hardly include the case of one who requests or directs another to solicit and receive subscriptions. Usually such an order contains a request or direction to a third party, who is indebted to the maker of the order, to pay such money to the person named. We are of the opinion that under 1 How. Stat. § 2, it should be held that this writing was not included in the list enumerated in the statute.

The judgment of the recorder's court is reversed, and the prisoners discharged.

The other Justices concurred.