TOLMAN v. TREAT, Collector.

(Circuit Court, S. D. New York. March 14, 1901.)

REVENUE TAX—WARRANT TO CONFESS JUDGMENT—STAMP.

A warrant of attorney, attached to a promissory note, authorizing an attorney at law to appear in court on behalf of a client, and enter up judgment by confession, is not a power of attorney which must be stamped, under War Revenue Act June 13, 1898, requiring stamps on power of attorney to sell or convey real estate and perform other acts.

This cause was tried by the court on an agreed statement of facts. The action is brought to recover the sum of $269.06, with interest from August 10, 1899, paid, as alleged, under protest to the commissioner of internal revenue by the plaintiff. It represents the value of 1,025 revenue stamps, of the denomination of 25 cents each (with interest), affixed to 1,025 instruments in writing, which the government contends contain, not only a promissory note, but a power of attorney. The plaintiff did affix a 2-cent stamp to each of the promissory notes, but failed to affix the 25-cent stamp to the remainder of the instrument in writing, which the government contends is a power of attorney, and therefore taxable.

The following is a copy of the instrument in writing, known in common parlance as a "judgment note":

"New York, ———, 189—.

"——— after date, for value received, I promise to pay to the order of myself ——— dollars at room A, St. Paul Building, 220 Broadway, with interest at 6 per cent. per annum after maturity. And, to secure the payment of said amount, I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, or before any justice of the peace, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and ten dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment: hereby ratifying and confirming all that my said attorney may do by virtue thereof."

"$———.

"———————

"———————"

The demand for the payment of the sum now sought to be recovered was made by the collector of internal revenue for the second district, under and pursuant to the provisions of the act of congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes." The specific portion of the act relied upon by the collector in exacting payment of the tax, and now relied upon by him in defending this suit for refund, is that portion of Schedule A which reads as follows:

"Power of attorney to sell and convey real estate or to rent or lease the same, receive, or collect rent, sell or transfer any stock, bonds, scrip, or for. the collection of any dividends or interest thereon, or to perform any and all other acts not hereinabove specified, twenty-five cents: provided, that no stamps shall be required upon any papers necessary to be used for the collection of claims from the United States, for pensions, back pay, bounty, or for property lost in the military or naval service."

The government claims that, under the broad provision to perform any and all other acts not hereinabove specified, the collector was justified in exacting payment of the stamp tax.

I. Henry Harris, for plaintiff.
Arthur M. King, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge (after stating the facts as above). The written instrument consists of two separable ones,—a promissory note, and a clause containing certain provisions as to the entering of judgment thereon in the event of nonpayment. This last, however, does not seem to be a power of attorney, within the meaning of the section relied on. It is what is known as a "warrant of attorney," and is in fact a retainer, by virtue of which an attorney at law is authorized to appear in court in behalf of a client, and take certain steps as attorney in litigation to which the client is a party. The court is not satisfied, from the text of the act, that congress intended to subject such retainers to the provisions of the stamp tax law Judgment for plaintiff.