TREAT, Internal Revenue Collector, v. TOLMAN.

(Circuit Court of Appeals, Second Circuit. February 28, 1902.)

No. 61.

1. POWER OF ATTORNEY—DEFINITION.
    A power of attorney is an instrument by which the authority of an attorney in fact or private attorney is set forth.

2. WARRANT OF ATTORNEY—DEFINITION.
    A warrant of attorney is an instrument authorizing an attorney at law to appear in behalf of its maker, or confess judgment against him.

8. INTERNAL REVENUE—STAMP TAX—WARRANT TO CONFESS JUDGMENT.
    A provision in a note authorizing any attorney at law to appear in court on behalf of its maker and confess judgment against him is a warrant of attorney, and not a power of attorney, and is not within War Revenue Act June 13, 1898, requiring stamps on powers of attorney to sell or convey real estate and perform other acts.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a judgment entered in favor of the plaintiff in a cause tried in the circuit court for the Southern district of New York (106 Fed. 679) upon an agreed state of facts, the substantial portions of which are as follows:

The defendant is the collector of internal revenue of the United States in this district. The plaintiff made loans of divers sums of money to various persons, from whom he received 1,025 instruments or memoranda in writing, commonly known as "judgment notes," of which the following is a copy in blank: ·

"New York, ———, 189–.

"——— after date, for value received, I promise to pay, to the order of myself, ——— dollars, at room A, St. Paul Building, 220 Broadway, with interest at 6 per cent. per annum after maturity. And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, or before any justice of the peace, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and ten dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment; hereby ratifying and confirming all that my said attorney may do by virtue thereof.

"$———."

The action is brought to recover the sum of $269.06, with interest from August 10, 1899, paid, as alleged, under protest, to the collector of internal

revenue by the plaintiff. It represents the value of $1,025 revenue stamps, of the denomination of 25 cents each, with interest, affixed to 1,025 instruments in writing, which the government contends contains, not only a promissory note, but a power of attorney. The plaintiff did affix a two cent stamp to each of the promissory notes, but failed to affix the 25 cent stamp to the remainder of the instrument in writing, which the government contends is a power of attorney, and therefore taxable. The demand for the payment of the sum now sought to be recovered was made by the collector of internal revenue for the Second district, under and pursuant to the provisions of the act of congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes." The specific portion of the act relied upon by the collector in exacting payment of the tax, and now relied upon by him in defending this suit for refund, is that portion of Schedule A which reads as follows: "Power of attorney to sell and convey real estate or to rent or lease the same, receive or collect rent, sell or transfer any stock, bonds, scrip, or for the collection of any dividends or interest thereon, or to perform any and all other acts not hereinabove specified, twenty-five cents: provided. that no stamps shall be required upon any papers necessary to be used for the collection of claims from the United States. for pensions, back pay bounty, or for property lost in the military or naval service." The government contended that under the provision, "or to perform any and all other acts not hereinabove specified," the defendant was justified in exacting the payment of said 25-cent stamp tax. The court held that said instrument comprised a promissory note, and a separable clause providing for the entry of judgment on said note in case of nonpayment, and that the latter was not a power of attorney, within the meaning of said section, but was rather what is known as a "warrant of attorney."

Arthur M. King, for plaintiff in error.

Before WALLACE, Circuit Judge, and TOWNSEND, District Judge

TOWNSEND, District Judge (after stating the facts). The legislative intent, as disclosed by the special provisions of said schedule, appears to have been to tax those instruments by which one individual authorizes another to act on his behalf, either at meetings of corporations, or in the transaction of certain classes of business relating to real estate or corporate securities, or claims against the United States not enumerated in said proviso. The general clause, "or to perform any or all other acts not hereinabove specified," should, therefore, be interpreted, under the doctrine of noscitur a sociis, to refer to other classes of business of the same general character as those specifically enumerated. All of the acts within the scope of this classification are such as may be performed by any layman as an attorney in fact. The acts authorized under the instrument in question are confined to the exercise by an attorney at law of a court of record of his duties as an officer of the court in the proceedings taken in such court by virtue of his retainer. Such an instrument has always been recognized as a warrant of attorney, or evidence of authority to such attorney to represent the party as such officer of court in such a proceeding. The distinction between powers of attorney and warrants of attorney is clearly set forth in text-books and the decisions of the courts. A power of attorney is an instrument by which the authority of an attorney in fact or private attorney is set forth. By attorney in fact is meant one who is given authority by his principal to do a particular act not of a legal character. A warrant of attorney is an instrument authorizing an at-

torney at law to appear in an action on behalf of the maker or to confess judgment against him. An attorney at law is employed to appear for parties to actions or other judicial proceedings, and is an officer of the court. And. Law Dict. pp. 92–94; 18 Am. & Eng. Enc. Law, p. 871; 28 Am. & Eng. Enc. Law, p. 685; Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589. It would seem that congress could not have intended by such general words to impose a tax upon this class of official acts done in the course of judicial proceedings. Such a tax, for the purpose of revenue, should not be extended by general or ambiguous words to embrace transactions without its expressed scope. Boyd v. Hood, 57 Pa. 98; Smith v. Waters, 25 Ind. 397.

This conclusion is strengthened by the fact that no case has been cited in which such warrants have been taxed. The provisions of the section in question accord with the provisions of preceding acts of a similar character.

The original federal internal revenue act, in enumerating the instruments required to be stamped, says:

"Any bonds, bills single or penal, foreign or inland bills of exchange, promissory note, or other note for the security of money, * * * any letter of attorney, except for invalid pensions, or to obtain or sell warrants, for land granted by the United States as bounty for military services performed in the late war." 5th Cong. Sess. July 6, 1797, c. 11, § 1 (1 Stat. 527).

The question as to the scope of this act was raised in Davis v. Ostrander, 1 Johns. Cas. 106. The court there decided that an arbitration bond was not within the provisions of said act. A note to this case reads as follows:

"On application of the clerk for the direction of the court, on the question whether powers of attorney in suits pending in court ought to be received without being stamped, the court said that such powers need not be stamped, and that the above-mentioned act applied to general letters of attorney only."

The clause in question, then, embodies a warrant of attorney, or evidence to the court of a retainer whereby a party to a pending cause has substituted an officer of court as his representative before the court in said cause. Such a warrant does not constitute said officer of court an agent or attorney in fact to carry on business, and is not within the provisions of this statute which authorizes the taxation of powers of attorney.

The decision is affirmed.