## SACKETT v. McCAFFREY et al.

### (Circuit Court of Appeals, Ninth Circuit. May 23, 1904.)

### No. 957.

1. INTERNAL REVENUE—STAMP TAX—HOMESTEAD DECLARATION—ACKNOWLEDG-
MENT.

A notary's certificate of acknowledgment attached to a declaration of homestead was subject to a stamp tax under War Revenue Act June 13, 1898, c. 448, § 13, 30 Stat. 454 [U. S. Comp. St. 1901, p. 2294], requiring documents mentioned in the schedule, and certificates of any description required by law not otherwise specified, to be stamped.

2. APPEAL—RECORD—ORIGINAL DOCUMENTS—CERTIFICATION.

Where the Circuit Court, as authorized by Court Rule 14, subd. 4 (91 Fed. vii, 32 C. C. A. lxxxix), transmitted to the Circuit Court of Appeals an original document admitted in evidence over objection that it was not stamped, it was immaterial that the copy of the document contained in the record did not show either that the document or the certificate of acknowledgment indorsed thereon by a notary public was not stamped.

3. SAME—JUDICIAL ACTS.

Under Civ. Code Mont. §§ 1606, 1609, 1611, providing that acknowledgments by married women to instruments purporting to be executed by them must be taken in the same manner as that of any other person, and shall be that she "executed the same," a notary, in taking a married woman's acknowledgment to a declaration of homestead, required by section 1700, does not act as a judicial officer.

4. SAME—STATE FUNCTIONS.

Since stamps required to be affixed to a notary's certificate of acknowledgment to a declaration of homestead, under War Revenue Act June 13, 1898, c. 448, § 14, 30 Stat. 455 [U. S. Comp. St. 1901, p. 2296], are required to be furnished by the person for whose benefit the instrument is furnished such tax is not objectionable on the ground that the notary, in taking the acknowledgment and indorsing his certificate, was exercising a function of the state government not subject to federal taxation.

5. SAME—UNSTAMPED INSTRUMENTS—EVIDENCE—STATE DECISIONS.

Decisions of state courts that instruments, though unstamped, as required by War Revenue Act June 13, 1898, c. 448, § 14, 30 Stat. 455 [U. S. Comp. St. 1901, p. 2296], were admissible in evidence, have no application to federal courts.

6. SAME—STATUTES—REPEAL.

War Revenue Act, June 13, 1898, c. 448, § 13, 30 Stat. 454 [U. S. Comp. St. 1901, p. 2295], providing for a stamp tax on certificates attached to legal instruments, was amended by Act March 2, 1901, c. 806, § 7, 31 Stat. 941 [U. S. Comp. St. 1901, p. 2294], which, however, specifically provided for the continuing of the law with regard to the stamping of unstamped instruments subject to a stamp tax at the time they were issued; and section 14 of the original act (30 Stat. 455 [U. S. Comp. St. 1901, p. 2296]), providing that unstamped instruments should not be recorded or received in evidence, was not repealed either by Act March 2, 1901, or by Act April 12, 1902, c. 500, 32 Stat. 96 [U. S. Comp. St. Supp. 1903, p. 276], which repealed the whole of Schedule A of the original act; and Rev. St. § 13 [U. S. Comp. St. 1901, p. 6], declares that the repeal of a statute shall not release or extinguish any penalty, forfeiture, or liability incurred thereunder, unless the repealing act so expressly provides, etc. *Held*, that the repeal of the act requiring certificates to be stamped did not authorize the subsequent admission in evidence of an instrument containing an unstamped certificate of acknowledgment subject to the tax.

In Error to the Circuit Court of the United States for the District of Montana.

The plaintiff in error, a citizen of New York, brought this action in ejectment against the defendants, citizens of Montana, to recover possession of lot 11 in block 89 in the city of Anaconda, Mont., alleged to be of the value of $2,500 and more. The plaintiff in error bases her claim of title to the premises in controversy upon a sheriff's deed dated May 19, 1902, issued pursuant to an execution sale upon a deficiency judgment against the defendants in error. The defendants in error deny the right of the plaintiff in error to the premises, and claim title to the property under a declaration of homestead dated November 24, 1900, and made by Mary McCaffrey; her husband, Joseph McCaffrey, not having made such selection. The plaintiff in error, in reply to this défense, alleges that the declaration of homestead filed by Mary McCaffrey was wholly void and of no effect by reason of the omission to state an estimate of the actual cash value of the premises therein described, and denies that the premises in question could have been a homestead, because the defendants in error at the time of filing the pretended declaration of homestead, and long prior thereto, did not reside on the entire premises described, a portion of the lot in question being occupied by and rented to tenants of the defendants in error, and entirely distinct from the premises used by defendants in error as a home. Upon the trial, for the purpose of showing that the premises in controversy were at the date of their sale under execution exempt from execution, the defendants in error offered in evidence the homestead declaration of Mary McCaffrey, dated November 24, 1900, covering the entire premises in controversy to which plaintiff in error objected on the grounds (1) that the instrument was not stamped as required by the laws of the United States in force at the date of its execution; (2) that the notarial certificate of acknowledgment to said instrument was not stamped as required by the laws of the United States at the date of its execution; and (3) that the filing of record of the same in its unstamped condition was in violation of said laws, and the record thereof was void and of no effect as against the rights of the plaintiff in error. The objection was overruled, and the declaration of homestead admitted in evidence. The jury returned a verdict in favor of the defendants in error, and a judgment was entered thereon. Upon this judgment a writ of error was obtained by the plaintiff in error.

E. B. Howell and Charles E. Sackett, for plaintiff in error.

William B. Rodgers, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The specification of error mainly relied upon is the admission in evidence of the homestead declaration of Mary McCaffrey over the objection of the plaintiff in error that it was an instrument required by law to be stamped, under the provisions of the act of June 13, 1898, and, being in an unstamped condition, was not entitled to be recorded or admitted in evidence. The act of Congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures, and for other purposes" (30 Stat. 448, 458, c. 448 [U. S. Comp. St. 1901, pp. 2284, 2300]), provides in Schedule A for the prepayment of an internal revenue tax by means of stamps, denoting the tax on certain documents to which the stamps are to be affixed. Among other documents mentioned in this schedule as subject to a stamp tax is that of a "certificate of any description required by law, not otherwise specified in this act, ten cents." Within this very broad language the plaintiff in error claims that the homestead declaration is itself a certificate subject to the stamp tax; but as this claim is not seriously urged it need not be considered, except in connection with the notarial certificate of acknowledgment, which the law of Montana requires to be indorsed upon or attached to the instrument before it

can be recorded. The declaration of a homestead covering the property in controversy was executed by Mary McCaffrey November 24, 1900, and on the same day its execution was acknowledged by her before a notary public, and his certificate to that effect was indorsed upon the instrument, but no internal revenue stamp was affixed to the declaration of homestead or the accompanying notarial certificate of acknowledgment, and because of the absence of the stamp it is urged by the plaintiff in error that the court erred in admitting the document in evidence.

Section 14 of the act of June 13, 1898 (30 Stat. 455 [U. S. Comp. St. 1901, p. 2296]), provides:

"That hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped or with a deficient stamp, nor any copy thereof, shall be recorded or admitted or used as evidence in any court until a legal stamp or stamps denoting the amount of tax shall have been affixed thereto as prescribed by law."

In our opinion, the certificate of acknowledgment was subject to the stamp tax under this statute, and should have been stamped before being admitted in evidence.

It is objected that the copy of the declaration of homestead, as printed in the record, does not show that either that instrument or the certificate of acknowledgment indorsed thereon by the notary public was not stamped as required by the laws of the United States. Under rule 14, subd. 4, of the rules of this court (91 Fed. vii, 32 C. C. A. lxxxix), the judge of the Circuit Court has transmitted to this court the original homestead declaration, from which it appears that neither the homestead declaration nor the certificate of acknowledgment has been stamped.

It is next objected that a notary public acts judicially in taking and certifying an acknowledgment to a deed or other instrument affecting real estate, and that Congress has no power to impose a tax upon the judicial acts of a state officer. In some states it has been held that the taking of an acknowledgment of a married woman joining with her husband in granting an estate in real property is a judicial act when, under the law, the officer is required to acquaint the wife with the contents of the instrument separate and apart from her husband, and ascertain whether the execution of the instrument is her free and voluntary act. In such case the officer necessarily acts judicially, because he is obliged to draw his own conclusions from an examination conducted by himself as to the voluntary or involuntary character of the act of the wife, and to base his official conduct upon the conclusions so drawn. People v. Bartels, 138 Ill. 322, 332, 27 N. E. 1091. In the present case there is no such requirement for a married woman making a declaration of homestead. The statute of Montana provides that, "in order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife, must execute and acknowledge in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record." Civ. Code Mont. § 1700. The acknowledgment of a married woman to an instrument purporting to be executed by her must be taken the same as that of any

other person (section 1606), and the acknowledgment is that she "executed the same" (section 1609, 1611). Clearly, the notary performed no judicial function, either in taking such an acknowledgment or in indorsing his certificate upon the declaration that she had appeared before him, that she was personally known to him to be the person whose name was subscribed to the instrument, and acknowledged that she executed the same.

It is contended, further, that the notary, in taking the acknowledgment to the declaration of homestead and indorsing his certificate thereon, was exercising a function of the state government, and that the certificate was therefore exempt from a stamp tax, under the decision of the Supreme Court in Buffington v. Day, 11 Wall. 113, 20 L. Ed. 122. The law involved in that case was the act of Congress imposing a tax upon the gains, profits, and income of every person residing in the United States. The Supreme Court held that the right of the state to administer justice through the courts, and to employ all necessary agencies for legitimate purposes of state government, were not proper subjects of the taxing power of Congress, and that the salary of a judicial officer of the state was therefore exempt. This well-known principle of self-preservation accorded to the government of the several states has no application to the present case. The notary is not taxed as an officer of the state or at all. The individual for whose use and benefit the certificate is made pays the notary's fees and the tax upon the certificate. The commissioner of internal revenue, having in charge the administration of the internal revenue laws of the United States, has decided that the stamps required upon certificates by the provisions of the act under consideration should be furnished by the person applying for the instrument, and for whose use and benefit the same is issued. Circular No. 503, dated August 16, 1898.

The defendants in error refer to a number of cases wherein certain state courts have held that Congress has no power to prescribe rules of evidence for state courts, and that the provisions of the stamp act in this respect are not intended to govern such tribunals. Without discussing the correctness of these decisions, it is sufficient to say that they have no application to federal courts, where the laws of Congress prescribing rules of evidence must be observed, unless open to some constitutional objection, which has not been suggested with respect to this statute.

By the act of March 2, 1901 (31 Stat. 938, c. 806 [U. S. Comp. St. 1901, p. 2286]), the act of June 13, 1898, was amended, and the provision under consideration relating to stamp taxes on certificates was repealed. Section 7 of the amendatory act (31 Stat. 941 [U. S. Comp. St. 1901, p. 2294]) provides specifically for a continuing law for the stamping of unstamped instruments subject to a stamp tax at the time they were issued, and section 14 of the original act (30 Stat. 455 [U. S. Comp. St. 1901, p. 2296]), providing that unstamped instruments should not be recorded or received in evidence, was not repealed, nor was it repealed by the act of April 12, 1902 (32 Stat. 96, c. 500 [U. S. Comp. St. Supp. 1903, p. 276]), which repealed the whole of Schedule A. But defendants in error contend that when the law requiring

certificates of acknowledgments to be stamped was repealed the penalty for a failure to stamp such certificates could not be enforced. This is not the law, as appears from the provisions of the repealing acts. But, further than this, section 13 of the Revised Statutes [U. S. Comp. St. 1901, p. 6] provides as follows:

"The repeal of a statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

There can be no question but that the court below was in error in admitting the declaration of homestead in evidence, but we do not wish to be understood as holding that, if the certificate of acknowledgment were now stamped, as provided in section 13 of the act of June 13, 1898, as amended by Act March 2, 1901, c. 806, 31 Stat. 941 [U. S. Comp. St. 1901, p. 2295], it would not be admissible in evidence on a new trial.

The judgment is reversed, with directions to grant a new trial.