In re HAWLEY.

(District Court, S. D. New York. February 5, 1915.)

1. INTERNAL REVENUE &19—STAMP TAXES—POWER OF ATTORNEY—STATUTES —CONSTRUCTION.

Internal Revenue Act 1914 provides that a power of attorney to sell and convey real estate or to rent or lease the same, to receive or collect rents, to sell or transfer any stock, bonds, scrip, or for the collection of any dividends or interest thereon, or "to perform any and all other acts not hereinbefore specified," shall bear an internal revenue stamp of the value of 25 cents. *Held* that, while such section did not apply to a warrant of attorney authorizing an attorney at law to appear in an action on behalf of the maker, it did apply to powers of attorney generally, distinguished from warrants of attorney, in that they authorized laymen to act as attorneys in fact; and hence a general letter of attorney, authorizing the appointee to act for the signer in bankruptcy proceedings, must be stamped.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 39–44; Dec. Dig. &19.]

2. INTERNAL REVENUE &4—TAXATION—EXEMPTIONS.

The rule that the internal revenue law should be strictly construed in favor of exemption is but a rule of construction, which yields when the intent of the statute is manifest.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 4, 5; Dec. Dig. &4.]

3. INTERNAL REVENUE &19—STAMP TAXES—CERTIFICATES—ORDER APPROVING BOND OF BANKRUPTCY TRUSTEE.

Under Internal Revenue Act 1914, imposing stamp taxes on certificates of any description required by law, not otherwise specified in the act, 10 cents, a certificate which is required to enable some officer of the court to exercise his functions, or to do some act connected with the administration of the government, is exempt, but certificates required of such offi-

cers by private persons are not exempt; and hence a referee in bankruptcy properly refused to certify an order approving the bond of the trustee, unless an internal revenue stamp was attached thereto.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 39–44; Dec. Dig. ⊕19.]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles A. Hawley, individually and as a member of the firm of Hawley & Alford. Proceedings to review a referee's order refusing to accept a general letter of attorney, and refusing to certify that an order approving the trustee's bond is a correct copy of one on file in his office, unless internal revenue stamps are attached thereto. Affirmed.

H. Snowden Marshall, U. S. Atty., of New York City (Earl B. Barnes, of New York City, of counsel), for collector of internal revenue.

Henry H. Kaufman, of New York City (Daniel P. Hays, of New York City, of counsel), for creditor.

AUGUSTUS N. HAND, District Judge. The referee in bankruptcy has refused to accept a general letter of attorney in the above estate in the usual official form, authorizing the attorney in fact to attend meetings of creditors of the bankrupt and vote thereat for trustee, or for any other proposal or resolution that may be submitted under the act, to accept any composition proposed by the bankrupt, and to receive payment of any dividends or money due under any composition, etc., unless there shall be affixed to such letter of attorney a 25-cent internal revenue stamp. He has likewise refused to certify that an order approving the bond of the trustee is a correct copy of the one on file in his office, unless there is attached to such certificate a 10-cent internal revenue stamp.

The opinion which I am about to express is concurred in by the four judges of this court. We think the decision of the referee was correct in both instances.

[1] I shall first discuss the ruling of the referee in regard to the letter of attorney. A consideration of the War Tax Act of 1862, and amendments, and of the War Tax Act of 1898, from which acts the language of the present law is derived, indicates that it was the intention of Congress to require stamps *in general* upon powers of attorney. The provisions of these acts in relation to stamps upon powers of attorney are as follows:

Act July 1, 1862, c. 119, 12 Stat. 483:

"Power of attorney for the sale or transfer of any stock, bonds, or scrip, or for the collection of any dividends or interest thereon.... $ .25
"Power of attorney or proxy for voting at any election for officers of any incorporated company or society except religious, charitable, or literary societies, or public cemeteries........................ .10
"Power of attorney to receive or collect rent........................... .25
"Power of attorney to sell and convey real estate, or to rent or lease the same, or to perform any and all other acts not hereinbefore specified ................................................................ 1.00"

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The foregoing law was amended in 1864, as appears in (Act June 30, 1864, c. 173) 13 Stat. 300, as follows:

"Power of attorney for the sale or transfer of any stock, bonds, or scrip, or for the collection of any dividends or interest thereon.......... $ .25
"Power of attorney or proxy for voting at any election of officers of any incorporated company or society, except religious, charitable, or literary societies, or public cemeteries............................. .10
"Power of attorney to receive or collect rent........................ .25
"Power of attorney to sell and convey real estate, or to rent or lease the same................................................................ 1.00
"Power of attorney for any other purpose........................... .50"

The act of 1862 was further amended, as appears in Act March 2, 1867, c. 169, § 9, 14 Stat. 475, by inserting the following provision:

"Provided further, that no stamp tax shall be required upon any papers necessary to be used for the collection from the government of claims by soldiers, or their legal representatives of the United States, for pensions, back pay, bounty, or for property lost in the service."

The provisions of the act of June 13, 1898 contained in 30 Stat. 462, c. 448, § 25, Schedule A relating to the matter under consideration, were as follows:

"Power of attorney or proxy for voting at any election for officers of any incorporated company or association, except religious, charitable, or literary societies, or public cemeteries, ten cents.
"Power of attorney to sell and convey real estate, or to rent or lease the same, to receive or collect rent, to sell or transfer any stock, bonds, scrip, or for the collection of any dividends or interest thereon, or to perform any and all other acts not hereinbefore specified, twenty-five cents: Provided, that no stamps shall be required upon any papers necessary to be used for the collection of claims from the United States for pensions, back pay, bounty, or for property lost in the military or naval service."

The provisions of the present act are taken verbatim from the act of 1898.

It will be noticed that the act of 1862, combined in the paragraph which taxed powers of attorney to "sell and convey real estate, or to rent or lease the same," the additional clause, "to perform any and all other acts not hereinbefore specified." These last words, "to perform any and all other acts not hereinbefore specified," are literally the same both in the act of 1862, the act of 1898, and the act of 1914.

The amendment of 1864 to the act of 1862 reduced the amount of tax to be placed upon powers of attorney which were for general purposes not particularly specified in the act from the sum of $1, at which it had been before fixed, to the sum of 50 cents, and because the tax rate of 50 cents was different from that upon any of the other powers of attorney set forth in the schedule, it became natural, if not necessary, to embody these powers of attorney for general purposes in a separate paragraph. Consequently, the amendment of 1864 resulted in eliminating the words "or to perform any and all other acts not hereinbefore specified" from the last of those classes of powers of attorney taxed under the act of 1862, and creating a new or fifth subdivision, reading as follows:

"Power of attorney for any other purpose, 50 cents."

It is unlikely to suppose that the act as amended in 1864 did not tax everything not expressly exempted which could be fairly denominated a power of attorney, especially as it contained a clause exempting powers of attorney to collect pensions—a class of powers which were not embraced in any other portion of this act than the clause taxing powers of attorney at 50 cents *"for any other purpose"* than those detailed in the previous clauses. I can see no reason for believing that Congress did not have the same intention to tax all powers of attorney unless expressly exempted both in the act of 1862 and the acts of 1898 and 1914. The only reason as I have said for the separate paragraph found in the amendment of 1864 was not because Congress then intended to tax powers of attorney in general, whereas it did not intend to do this under the laws of 1862, 1898, and 1914, but because the rate of taxation of these unclassified powers and powers to sell real estate was not the same under the act of 1864, whereas it was the same under the acts of 1862, 1898, and 1914. In other words, I cannot regard the consolidation of the clause, "or to perform any and all other acts not hereinbefore specified," with other specific powers in the acts of 1862, 1898, and 1914, as showing any intention that the words "or to perform any and all others acts not hereinbefore specified" were intended to relate only to the specific powers enumerated in the prior clauses.

Counsel for the creditor, who insists that the letter of attorney in the present estate should not be taxed, urges that when the act of 1862 was passed letters of attorney in bankruptcy proceedings could not be presumed to have been in the mind of Congress, because no bankruptcy law was then in force. That, of course, is so; but the clause was broad enough to cover all powers of attorney, and was, therefore, sufficient to cover any powers of attorney that might thereafter be executed.

[2] Counsel for the creditor further urges that the tax law should be construed strictly and "in favor of the exemption," as was said in the case of United States v. Isham, 17 Wall. at page 504, 21 L. Ed. 728. This rule, so far as it is in general applicable, is but a rule of construction, which must, of course, yield where the intent of the statute is manifest.

Counsel for the creditor further calls my attention to the case of Tolman v. Treat (C. C.) 106 Fed. 679. In that case Judge Lacombe held that under the act of 1898 the words "to perform any and all other acts not hereinbefore specified" were not sufficient to require a stamp upon what is known as a judgment note, which contained the not unfamiliar provision authorizing any attorney to appear for the maker and confess judgment in case the note should not be paid. Judge Lacombe said that such an instrument did not—

"seem to be a power of attorney, within the meaning of the section relied on. It is what is known as a 'warrant of attorney,' and is in fact a retainer, by virtue of which an attorney at law is authorized to appear in court on behalf of a client and take certain steps as attorney in litigation to which the client is a party."

That case came before the Circuit Court of Appeals of the Second Circuit (which at the time consisted of Judge Wallace and Judge

Townsend), and is reported in Treat v. Tolman, 113 Fed. 892, 51 C. C. A. 522, on appeal. Judge Townsend, who wrote the opinion of the court, discussed the clauses of the War Revenue Act of 1898 in question, and said:

"The legislative intent, as disclosed by the special provisions of said schedule, appears to have been to tax those instruments by which one individual authorizes another to act on his behalf, either at meetings of corporations, or in the transaction of certain classes of business relating to real estate or corporate securities. * * * The general clause, 'or to perform any or all other acts not hereinabove specified,' should therefore be interpreted, under the doctrine of 'noscitur a sociis,' to refer to other classes of business of the same general character as those specifically enumerated. All of the acts within the scope of this classification are such as may be performed by any layman as an attorney in fact. The acts authorized under the instrument in question are confined to the exercise by an attorney at law of a court of record of his duties as an officer of the court in the proceedings taken in such court by virtue of his retainer. Such an instrument has always been recognized as a warrant of attorney, or evidence of authority to such attorney to represent the party as such officer of court in such a proceeding. The distinction between powers of attorney and warrants of attorney is clearly set forth in text-books and the decisions of the courts. A power of attorney is an instrument by which the authority of an attorney in fact or private attorney is set forth. By attorney in fact is meant one who is given authority by his principal to do a particular act not of a legal character. A warrant of attorney is an instrument authorizing an attorney at law to appear in an action on behalf of the maker or to confess judgment against him. An attorney at law is employed to appear for parties to actions or other judicial proceedings, and is an officer of the court. * * * It would seem that Congress could not have intended by such general words to impose a tax upon this class of official acts done in the course of judicial proceedings."

I do not think the reasoning of Judge Townsend or Judge Lacombe applies to the case of letters of attorney under the general forms in bankruptcy. Much of the authority conferred by these letters of attorney is very similar to powers of attorney to vote at stockholders' meetings and to collect dividends or interest, which are specifically set forth as taxable under schedule A of the act.

For the foregoing reasons, I am of the opinion that the referee was correct in his decision as to the letter of attorney, and that the 25-cent internal revenue stamp should have been affixed thereto.

[3] The question next arises as to whether a certificate by the referee that the order approving the trustee's bond is a true copy of the one on file in his office must bear an internal revenue stamp. This certificate, if taxable, is rendered so by the following provision of schedule A of the War Tax Law of 1914, which is identical with that of the act of 1898:

"Certificate of any description required by law not otherwise specified in this act, 10 cents."

The clause of the act of 1914 relating to stamp taxes upon certificates, which is in schedule A under the head of "Certificates," is as follows:

"Certificate of profits, or any certificate or memorandum showing an interest in the property or accumulations of any association, company, or corporation, and on all transfers thereof, on each $100 of face value or fraction thereof, 2 cents.

"Certificate: Any certificate of damage, or otherwise, and all other certificates or documents issued by any port warden, marine surveyor, or other person acting as such, 25 cents.

"Certificate of any description required by law not otherwise specified in this act, 10 cents."

Under the act of 1898, which contained identical provisions with those of the act of 1914, the Attorney General, in an opinion to the Secretary of State, referred to in No. 20,551 Treasury Decisions, advised the department as follows:

"The Treasury Department, through the honorable Commissioner of Internal Revenue, has made a ruling which has been approved by this department that papers and instruments executed, made, or issued by officers of the government of the United States in the discharge of official functions pertaining to the operation of the governmental machinery and for the use or benefit of the United States are exempt from taxes. * * * The same principle would extend to instruments and papers of whatever character (otherwise subject to taxes) executed, made, or issued by officers of the United States for governmental purpose.

"Where, however, certificates or other instruments are issued by any department or officer of the government at the request of private persons solely for private use, a stamp should be affixed. And * * * such stamp should be furnished by the person applying for the certificate or other instrument for whose use or benefit the same is issued and should be affixed before the document is delivered."

By similar reasoning, the Commissioner of Internal Revenue, in Treasury Decision No. 20,387, held that an original certificate of inspection from local inspectors of steam vessels, which remains on file in the collector's office, is exempt from tax on the ground that it is an instrument issued by direction of law through governmental instrumentality for its own use and purposes, and that the two copies of this certificate which the law requires to be exposed under glass where passengers and other persons can see them, certified by the collector of customs, are also exempt for the same reason.

It was held by the Circuit Court of Appeals for the Eighth Circuit, in the case of Stirneman v. Smith, 100 Fed. at page 602, 40 C. C. A. 581, that a notary public, when engaged in taking depositions to be used in evidence before a judicial tribunal, was a judicial officer, and his certificate could not be taxed. Judge Thayer, in his opinion referred to the proviso in the act of 1898, which is incorporated in the act of 1914, as follows:

"Provided, that it is the intent hereby to exempt from the stamp tax imposed by this act such state, county, town or other municipal corporations in the exercise only of functions strictly belonging to them in their ordinary governmental taxing or municipal capacity"

—and said that it could hardly be supposed, where there was explicit exemption from stamp taxes of all documents issued by a state, or other subdivision thereof, in the exercise of its governmental functions, that Congress could have intended to levy taxes upon instruments used by the United States in the exercise of its governmental functions, and expressed the opinion:

"That its purpose was to impose stamp taxes on those instruments only which have their origin in the private transactions of individuals and corporations, or to such instruments and writings as are executed mainly for their benefit, rather than for the benefit of the public."

In the case of Sackett v. McCaffrey, 131 Fed. 219, 65 C. C. A. 205, the Circuit Court of Appeals for the Ninth Circuit held that a stamp was required under the law of 1898 upon a certificate of acknowledgment by a notary attached to a declaration of homestead. It was there contended that the notary, in taking the acknowledgment and indorsing his certificate thereon, was exercising a function of the state government of Montana, where the statute providing for the selection of a homestead had been enacted. The court, however, held that the notary in taking the acknowledgment exercised no governmental function, but was authorized to take the acknowledgment, and took it for a private purpose, and that the certificate should have been stamped before being admitted in evidence.

While it may be in some cases difficult to draw the line as to what is and is not a governmental function, I think that where a private individual applies to a judge, referee in bankruptcy, or clerk for a certificate, that a certain instrument is a copy, and it does not appear that it is to be used for any governmental purpose, it is taxable under the provisions of the act.

A certificate which is required to enable some officer of the court to exercise his functions, or to do some act connected with the administration of the government, is under the foregoing reasoning exempt. This would, I think, apply to certified copies of papers necessarily required by receivers; but I think there are comparatively few cases to which the exemption does apply, and the certificate in question is not one of them.